6   247
130m620

CITY OF ST. LOUIS, Respondent, *v.* THOMAS KNOX, Appellant.

#### November 26, 1878.

An ordinance of the city of St. Louis which provides that no horse or cattle dealer shall engage in business as such without having first paid a city license, which shall in no case be granted without a certificate from the Board of Police Commissioners that the applicant is of good moral character, is a police regulation, and its violation may be punished by fine and imprisonment under the City Charter. Its reasonableness is not a question for the courts.

APPEAL from St. Louis Court of Criminal Correction. *Affirmed.*

A. M. SULLIVAN and R. S. MACDONALD, for appellant.

LEVERETT BELL and SAMUEL ERSKINE, for respondent.

BAKEWELL, J., delivered the opinion of the court.

On September 7, 1877, an ordinance of the city of St. Louis was passed, entitled "An ordinance in relation to stock-yard proprietors, sale-stables, and horse and cattle dealers, defining each, and fixing amount of license for same," etc.

This ordinance, amongst other things, defines a sale-stable to be "a place where horses or mules are stabled, to be bought, sold, bartered, or traded, as a business;" and a horse and cattle dealer to be "a person who buys or sells, barters or trades, in horses, mules, cattle, hogs, or sheep, on his own account, without being the keeper of a stock-yard or a sale-stable;" and provides that the proprietors or keepers of each sale-stable in the city shall pay to the collector, in advance, an annual license therefor of $100; and that each person, or copartnership of persons, engaged in the business of horse and cattle dealer shall pay to the collector, in advance, an annual license therefor of $50; and that no sale-stable keeper or horse and cattle dealer shall engage in business as such in the city without first having a license, which shall in no case be granted without a certificate from the Board of Police Commissioners that the applicant is of good moral character. Any violation of these provisions is made punishable by a fine of double the amount of the required license.

Appellant was convicted for a violation of this ordinance, of a misdemeanor by carrying on a trade in mules and horses in St. Louis without a license, and was sentenced to pay a fine of $200, and, in default of payment, to be imprisoned. From this conviction he appealed.

It is contended that the ordinance is unreasonable and oppressive, and that it is in violation of the Constitution of the State, and void. The same points are made here as are considered by us in the case of *The City* v. *Green and others*, with which this cause is submitted.

There is, however, an essential difference between the two cases. The ordinance under which the present defendant was convicted is manifestly a police regulation. The license is imposed, not merely as a tax, but for the purpose of regulating the business of trading in horses and cattle in St. Louis.

The question whether a particular ordinance imposes

simply a tax for revenue in requiring a license, or whether it is a police regulation, must be determined by considering whether the law is designed to suppress and punish a wrong, to mitigate an evil, to preserve the peace, health, morals, good order, and general welfare of the community, or whether, without manifestly aiming at such ends, its object is to procure a revenue.

The power is given to the Municipal Assemby, in express terms (Charter, Art. III., sect. 14), " to pass all such ordinances, not inconsistent with the provisions of this Charter, as may be expedient in maintaining the peace, good government, health, and welfare of the city, its trade, commerce, and manufactures, and to enforce the same by fines and penalties not exceeding $500."

The violation of such an ordinance may undoubtedly be punishment by fine and imprisonment under the City Charter. It is unnecessary to repeat what is said on this point by this court in the case of *The City* v. *Green*. The opinion in that case is filed simultaneously with this opinion, and the cases were argued together, the same briefs being filed as applicable to both.

The Municipal Assembly, in the interests of honest dealers, for the safety of trade, to prevent impositions, and to check fraudulent practices which have become notorious, have deemed it expedient, apparently, to license the trade of horse-dealing within the municipality, and for that purpose have enacted an ordinance that strictly pursues the powers granted to them by the General Assembly. The beneficial character of the law is obvious. But were it otherwise, the recourse of those who might regard it as unjust and oppressive would be to the Municipal Assembly, or to the General Assembly of the State, but not to the courts.

Our attention is directed to no error in the record that warrants a reversal of the judgment. It is therefore affirmed. All the judges concur.